IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

FILED

APR - 3 2023

CLERK, U.S. DISTRICT COURT
NORFOLK, VA

ESTEBAN H.,

    **Plaintiff,**

v.

**COMMISSIONER OF
SOCIAL SECURITY,**

    **Defendant.**

CIVIL ACTION NO. 2:21-cv-617

*MEMORANDUM OPINION & ORDER*

This matter comes before the Court on Esteban H.'s[1] ("Plaintiff") Objections to the Report and Recommendation ("R & R") of the Magistrate Judge. Pl.'s Objs. to R. & R., ECF No. 17 ("Pl.'s Objs."). Having considered Plaintiff's Objections to the R & R, the Court **REJECTS** the Magistrate Judge's Report and Recommendation, ECF No. 16, and the decision of the Administrative Law Judge ("ALJ") is **REVERSED**. For the reasons set forth below, this case is **REMANDED** to the Acting Commissioner for further proceedings consistent with this opinion.

    **I.    FACTUAL AND PROCEDURAL HISTORY**

The facts and administrative procedural background are adopted as set forth in the Magistrate Judge's Report & Recommendation. *See* R. & R, ECF No. 16. On August 28, 2020, Plaintiff filed for disability insurance benefits ("DIB"). Admin. R., ECF No. 7 at 288 ("R."). Plaintiff alleged disability beginning June 27, 2020, *id.* at 289, based on scrotal and abdominal pain along surgery scar, pain disorder with related psychological factors, benign prostatic hyperplasia with lower urinary tract symptoms, testicular cancer, chronic bronchitis, back pain,

---

[1] The Committee on Court Administration and Case Management of the Judicial Conference of the United States has recommended that, due to significant privacy concerns in social security cases, federal courts should refer to claimants only by their first names and last initials.

1

sciatica, cervicalgia, migraines, and prediabetes. *Id.* The Commissioner denied Plaintiff's application initially and again after reconsideration. *Id.* at 303-306, 313-317. Plaintiff then requested an administrative hearing. *Id.* at 319-320. The hearing was held on May 6, 2021. *Id.* at 259-281. Counsel represented Plaintiff at the hearing, and a vocational expert ("VE") testified. *Id.* at 278-81.

On June 3, 2021, the Administrative Law Judge ("ALJ") denied Plaintiff's claims for DIB, finding he was not disabled during the period alleged. *Id.* at 223-46. The ALJ found that Plaintiff had two severe impairments: arthritis and malignant cancer of the left testicle status post orchiectomy. *Id.* at 228-29. However, the ALJ found that Plaintiff's severe impairments did not meet or medically equal the severity of one of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. *Id.* at 232. Specifically, the ALJ examined Listings 1.18 and 13.25, concerning Plaintiff's arthritis and cancer respectively, before developing a finding on Plaintiff's Residual Functional Capacity ("RFC"). *Id.* In determining Plaintiff's RFC, the ALJ considered Plaintiff's symptoms and the extent to which those symptoms could "reasonably be accepted as consistent with the objective medical evidence and other evidence, based on the requirements of 20 C.F.R. § 404.1529 and SSR 16-3p." *Id.* at 233. Ultimately, the ALJ determined that Plaintiff retained the RFC to perform sedentary work with limitations. *Id.* at 232-33. Although Plaintiff could not perform her past relevant work as a meteorologist or Navy intelligence specialist, *id.* at 240, he could perform the requirements of representative occupations within the national economy, subject to a several limitations, including limitations on Plaintiff's walking and standing. *Id.* at 232-33, 241.

On September 13, 2021, the Appeals Council denied Plaintiff's request to review the ALJ's decision, thereby making the ALJ's decision the final decision of the Acting Commissioner. *Id.* at

1-7. On November 15, 2021, Plaintiff filed her Complaint in this Court. Compl., ECF No. 1. Plaintiff seeks judicial review of the Commissioner's final decision that he was not entitled to an award of DIB, claiming that "[t]he conclusions and findings of fact of the Defendant are not supported by substantial evidence and are contrary to law and regulation." *Id.* at ¶ 8. On February 23, 2022, the Acting Commissioner filed an Answer. ECF No. 6. On February 24, 2022, this Court entered an Order referring this action to United States Magistrate Judge Lawrence R. Leonard ("Magistrate Judge") to conduct hearings, and submit proposed findings of fact, if applicable, and recommendations for the disposition of this matter pursuant to 28 U.S.C. § 636(b)(1)(B). Order, ECF No. 8. On February 28, 2022, Magistrate Judge Leonard entered an order directing Plaintiff to file a motion for summary judgment within thirty (30) days from the date of the Order, and for Defendant to file a responsive memorandum, a cross-motion for summary judgment if desired, and a statement of his position within thirty (30) days from Plaintiff's filing of a motion for summary judgment. Summ. J. Order, ECF No. 9. On March 28, 2022, Plaintiff filed his Motion for Summary Judgment. Pl.'s Mot. Summ. J., ECF No. 10; Pl.'s Mem. Supp. Mot. Summ. J., ECF No. 11 ("Pl.'s Mem. Supp."). On April 25, 2022, Defendant filed his cross-Motion for Summary Judgment. Def.'s Mot. Summ. J., ECF No. 13; Def.'s Mem. Supp. Mot. Summ. J., ECF No. 14 ("Def.'s Mem. Supp.").

On December 20, 2022, the Magistrate Judge Miller filed his Report and Recommendation, in which he recommended that the Commissioner's Motion for Summary Judgment be **GRANTED**, Plaintiff's Motion for Summary Judgment be **DENIED**, and the decision of the Commissioner be **AFFIRMED**. R. & R. at 16-17. On January 3, 2023, Plaintiff filed Objections to the R. & R. Pl.'s Objs. On January 13, 2023, Defendant filed a response. Def.'s Response to

Pl.'s Objs. to R. & R., ECF No. 18 ("Def.'s Resp."). Accordingly, this matter is now ripe for disposition by the Court.

## II. LEGAL STANDARD

When considering a party's objections to the findings and recommendations of a magistrate judge, a district judge "must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. Proc. 72(b)(3); *Wimmer v. Cook*, 774 F.2d 68, 73 (4th Cir. 1985). Under *de novo* review, the magistrate judge's report and recommendation carries no presumptive weight, and the district court may accept, reject, or modify the report, in whole or in part, receive further evidence, and may recommit the matter to the magistrate judge with instructions. Fed. R. Civ. Proc. 72(b)(3); *accord Holloway v. Bashara*, 176 F.R.D. 207, 209-10 (E.D. Va. 1997). The "*de novo*" requirement means that a district court judge must give "fresh consideration" to the relevant portions of the magistrate judge's report and recommendation. *United States v. Raddatz*, 447 U.S. 667, 675 (1980).

A court reviewing a decision made under the Social Security Act must uphold the factual findings of the Commissioner "if they are supported by substantial evidence and were reached through application of the correct legal standard." *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). "Substantial evidence" is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion," and "consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance." *Id.* (internal quotation and citations omitted); *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966).

In reviewing for substantial evidence, the court does not re-weigh conflicting evidence, make credibility determinations, or substitute its judgment for that of the Commissioner (or the Commissioner's designate, the ALJ). *Craig*, 76 F.3d at 589. The ALJ's findings as to any fact, if

supported by substantial evidence, are conclusive and must be affirmed. 42 U.S.C. § 405(g); *Richardson v. Perales*, 402 U.S. 389, 390 (1971).

### III. DISCUSSION

Plaintiff raises two objections to the Magistrate Judge's findings that the ALJ decision is supported by substantial evidence. Pl.'s Obj. at 1-9. First, Plaintiff argues that the Magistrate Judge erred in finding that the Appeals Council properly rejected Plaintiff's additional evidence of a severe impairment. *Id.* at 1-6. The Commissioner argues that the ALJ already accounted for Plaintiff's medical need for an assistive device by evaluating Plaintiff's use of a single-point cane in formulating Plaintiff's RFC and physical limitations. Def.'s Resp. at 3-6. Second, the Magistrate Judge erred in finding that the ALJ properly assessed Plaintiff's residual functional capacity ("RFC") with respect to his sedentary restrictions, at step four of the sequential evaluation. *Id.* at 6-9.

Because Plaintiff properly objects to the Magistrate Judge's disposition, the Court reviews the Magistrate Judge's findings *de novo*. *See* Fed. R. Civ. Proc. 72(b)(3). After a full review of the record, the parties' briefs both on Plaintiff's objections and on the underlying Motions for Summary Judgment, the Court, having given fresh consideration to the Magistrate Judge's findings, the Court **REJECTS** the R & R and finds that the Acting Commissioner's decision must be reversed and remanded for a rehearing.

#### A. The Appeals Council Decision

Plaintiff first objects to the Magistrate Judge's finding that the Appeals Council did not err in declining to consider new evidence of Plaintiff's need for a walker and argues that the additional evidence warrants remand for additional fact-finding. Pl.'s Obj. at 1. The Appeals Council must consider additional evidence that is new, material, and relates to the period on or

5

before the ALJ's decision. *Id.*; 42 U.S.C. § 405(g); *see also Meyer v. Astrue*, 662 F.3d 700, 704-05 (4th Cir. 2011). "New" evidence "is not duplicative or cumulative." *Nichols v. Colvin*, 100 F. Supp. 3d 487, 512 (E.D. Va. 2014) (citing *Wilkins v. Secretary*, 953 F.2d 93, 95-96 (4th Cir. 1991)). "Evidence is material if there is a reasonable possibility that the new evidence would have changed the outcome." *Id.* (citing *Borders v. Heckler*, 777 F.2d 954, 956 (4th Cir. 1985)). A claimant must establish all three elements to justify a remand back to the ALJ.

Plaintiff argues that the Appeals Council should have granted Plaintiff's requested review of the ALJ's decision and remanded the claim for further administrative proceedings because the additional evidence was new, material, and submitted two weeks before the ALJ's decision. The Acting Commissioner argues that Plaintiff's request for remand satisfies all but one required element and contends that the Appeals Council properly declined to consider the additional evidence in reviewing the ALJ's decision because the evidence did "not show a reasonable probability that it would change the outcome of the [ALJ's] decision." R. at 2. Specifically, the Acting Commissioner argues that the additional evidence is immaterial to the ALJ's step three finding because substantial evidence shows that new evidence of Plaintiff's need for a walker also fails to satisfy Listing 1.18(D)'s requirements. The Court reviews these arguments in more detail below and finds that remand is necessary for the ALJ to weigh the additional evidence against the record as whole.

1. The ALJ Decision

In his decision, the ALJ found that Plaintiff was "not disabled" after following the required sequential five-step analysis to determine whether Plaintiff: (1) worked during the alleged period of disability; (2) had a severe impairment; (3) had an impairment that met or equaled the requirements of a listed impairment; (4) could return to the claimant's past relevant

work; and (5) if not, could perform any other work in the national economy. R. at 242; *See 20 C.F.R. § 416.920(a)(4).* R. 226-42. At step one, the ALJ found that Plaintiff had not engaged in substantial gainful employment since the alleged onset date. R. at 228. At step two, the ALJ found that Plaintiff had two severe impairments: arthritis and malignant cancer of the left testicle status post orchiectomy. *Id.* at 228-29. Then at step three, the ALJ concluded that these impairments were not severe enough, individually or in combination, to meet or medically equal on of the listed impairments under 20 C.F.R. part 404, Subpart P, Appendix 1. *Id.* at 232. In the ALJ's step three analysis, the ALJ specifically examining Listing 1.18 relating to Plaintiff's arthritis and found that Plaintiff's condition met parts A, B, and C of Listing 1.18 but not part D. Before proceeding to step four, the ALJ assessed Plaintiff's RFC and determined that Plaintiff could perform sedentary work subject to the following limitations:

> "The claimant is limited to lifting and carrying from the waist to chest level. The claimant is limited to occasional pushing and pulling. The claimant can walk no longer than one block at a time on a flat, even surface with the aid of a cane. The claimant can stand up to thirty (30) minutes at a time before sitting for a few minutes. The claimant has to avoid crawling and climbing ladders, ropes, and scaffolds, but he can perform other postural movements frequently. The claimant has to avoid fast-paced tasks, such as assembly line jobs involving production quotas. The claimant is limited to frequent fingering, grasping, handling, and reaching. The claimant has to avoid working around vibrations and hazards, such as moving dangerous machinery and unprotected heights. The claimant has to avoid extreme temperatures and humidity." *Id.* at 233.

In making this determination, the ALJ found that the listed limitations were not entirely consistent with the medical evidence and other evidence in the record. *Id.* At step four, the ALJ concluded that Plaintiff did not have the RFC to perform his past relevant work as a meteorologist or Navy intelligence specialist, *id.* at 240. However, at step five, the ALJ determined that Plaintiff is capable of working other jobs in the national economy, such as the

representative occupations of a callout operator and a document preparer, based on Plaintiff's age, education, work experience, and RFC. *Id.* at 241.

Under Listing 1.18, a claimant has the burden of establishing that their condition qualifies as an impairment under regulation based on specific medical evidence that meets all of the Listing criteria. In the decision, the ALJ did not dispute the applicability of Sections A, B, and C to Plaintiff. R. at 232. The ALJ found that Plaintiff's arthritis failed to meet the criteria in part D because the record only showed that Plaintiff used a single point cane to assist with this impairment but lacked evidence showing that Plaintiff was unable to use his free hand or both hands to complete work-related activities. *Id.*; *see* Def.'s Resp. at 2-3. Plaintiff argues that the additional evidence of his medical need for a wheeled walker would probably change the ALJ's step three findings on whether Plaintiff's arthritis meets the requirements of Listing 1.18(D). Pl.'s Obj. at 1-4. However, the Acting Commissioner contends that additional evidence does not warrant remand because substantial evidence in the record, even when supplemented by Plaintiff's additional evidence, would not change the ALJ's findings on whether Plaintiff meets Listing 1.18, at step three of the sequential evaluation process. The Acting Commissioner argues that the ALJ's considerations of Plaintiff's use of a single point cane sufficiently addresses the impact of an assistive device on Plaintiff's ability to use his hands for work-related functions. Def's Resp. at 4-6. Therefore, the Appeals Council properly rejected Plaintiff's submitted evidence of a walker because this evidence neither shows a "medical need" for the assistive device nor offer any specific functional deficits that would reasonably change the outcome of ALJ's decision. Resp. Opp. at 5.

2. Plaintiff's First Objection

As a preliminary matter, the Court finds that Plaintiff properly submitted "new" evidence relating back to the period before the ALJ decisions to the Appeals Council. R. at 1; *See* 20 C.F.R. § 404.970(a)(5), (b) (2015). Plaintiff submitted evidence to the Appeals Council from his therapist and primary care provider concerning his need for a walker. The evidence submitted from Pivot Physical Therapy concerns the period from April 7, 2021 to July 1, 2021 and provides a status report on Plaintiff's physical therapy. R. at 2. In those records, the Plaintiff's physical therapist recommends a wheeled walker for Plaintiff to use when "walking or standing for longer periods of time" to further "improve his standing and walking tolerance" and "take the load off his spine." *Id.* at 170, 183, 194, 196. Additional records from the Virginia Medical Center dated March 10, 2021 to July 19, 2021 were also submitted by Plaintiff's primary care physician. *Id.* at 2. Relevant treatment notes shows that Plaintiff's primary physician reviewed the physical therapy records and prescribed a wheeled walker but does not explain whether the walker is meant to replace Plaintiff's single-point cane. *Id.* at 40, 42. The Court finds that all of this additional information is new and relates back to the period before the ALJ's June 3, 2021 decision.

The Court also finds that Plaintiff succeeds in establishing that the additional evidence before the Appeals Council raises a probability that the ALJ's conclusion regarding Listing 1.18 would have changed and resulted in a different outcome in the decision. There is broad support in the record for the proposition that Plaintiff has a medical need for a walker for long periods of standing or walking. The ALJ's decision references the fact that Plaintiff uses a single point cane to ambulate and provides objective evidence of Plaintiff's difficulties in standing and walking, and accounts for these limitations in other parts of the decision. R. at 232, 238-240. However, the

9

ALJ's analysis of Plaintiff's use of an assistive device in the form of a single-point cane versus a wheeled walker is likely to undermine other findings within the decision about Plaintiff's physical abilities and limitations.

Although the Acting Commissioner contends that Plaintiff's additional evidence should not change the ALJ's step three finding, the Court finds that the Appeals Council should have remanded the case to provide the ALJ with the opportunity to evaluate the submitted evidence along with the other record evidence. The submitted evidence is both "new" and "material" under the regulation because it was created after the ALJ decision but was not reviewed by the Appeal's Council. In addition, the Court finds that the evidence is "material" because there is a reasonable probability that the ALJ would have reached a different conclusion if he had considered whether Plaintiff's prescribed walker was "medically required," pursuant to Listing 1.18(D). Plaintiff raises a substantial question on whether Listing 1.18(D) applies to his condition based on the additional evidence of a wheeled walker. This additional evidence weighs directly and materially on whether Plaintiff's arthritis condition meets the criteria in Listing 1.18 for a disability finding. Upon this showing, the Appeals Council should have considered the additional evidence, along with the record as a whole to determine whether the ALJ's decision is contrary to the weight of the evidence. 20 C.F.R. § 404.1970(b) (2015).

If the Appeals Council had found that the ALJ's decision was not contrary to the weight of the evidence, then it could have denied Plaintiff's request for review without explaining its rationale for doing so. *Meyer*, 662 F.3d at 705. However, while the Appeals Council need not explain its denial of a request for review when additional evidence is presented, a district court reviewing a claimant's challenge to the denial of benefits must assure itself that the Acting Commissioner's decision is supported by substantial evidence based on the entire record. *See id.*

at 707; *Patterson v. Comm'r*, 846 F.3d 656, 658 (4th Cir. 2017) ("Where an insufficient record precludes a determination that substantial evidence supported the ALJ's denial of benefits, [a federal] court may not affirm [the decision] for harmless error."). Although courts are permitted to look elsewhere in an ALJ's decision to determine whether an ALJ made sufficient factual findings to support their conclusion at step three, courts may not speculate as to what the ALJ may have concluded after considering the medical evidence under the applicable Listing's criteria. *Keene v. Berryhill*, 732 F. App'x 174, 177 (4th Cir. 2018). Decisions at step three are both "determinative and necessary" and only ALJ's have authority to make them. The Court finds that remand is warranted because no fact finder has assessed the probative value of Plaintiff's additional evidence on the record, *Meyer*, 662 F.3d at 707, and the Acting Commissioner's decision is not supported by substantial evidence based on the supplemented record, which includes the evidence submitted to the Appeals Council. Because judicial gap-filling is not permitted, the Appeals Council should have remanded the case for the ALJ to "actually evaluate" the submitted evidence, compare it to section D of Listing 1.18, and provide an explanation of the conclusion. Accordingly, the Court remands this issue for the ALJ to further consider the impact, if any, of a walker as it relates to whether Plaintiff's arthritis condition meets the criteria in Listing 1.18 for a disability finding.

On remand, the ALJ should make additional factual determinations to evaluate whether Plaintiff's use of the walker is medically required, and whether Plaintiff always uses it. The ALJ then must offer sufficient reasons supporting the determinations concerning the walker and modify the RFC and hypothetical questions to the VE, as needed. In remanding, the Court expresses no opinion on the ultimate outcome.

### B. Plaintiff's Residual Functional Capacity Assessment

Plaintiff's second objection argues that the Magistrate Judge should not have found that the ALJ's RFC determination properly assessed the extent Plaintiff's sitting problems impacted his ability to work. At step four, the ALJ assessed Plaintiff's RFC to determine his disability status, pursuant to 20 C.F.R. § 404.1594(f). A claimant's RFC represents "the most [he] can still do despite [his] limitations." 20 C.F.R. § 416.945(a)(1). Evaluating an RFC requires an ALJ to "consider all of the claimant's 'physical and mental impairments, severe and otherwise, and determine, on a function-by-function basis, how they affect [her] ability to work.'" *Thomas v. Berryhill*, 916 F.3d 307, 311 (4th Cir. 2019) (quoting *Monroe v. Colvin*, 826 F.3d 176, 188 (4th Cir. 2016)). The RFC assessment must evaluate the claimant's ability to perform listed physical functions, which include "sitting, standing, walking, lifting, carrying, pushing, pulling, or other physical functions [that] may reduce [a claimant's] ability to do past work and other work." 20 C.F.R. § 416.945(b). "Only after such a function-by-function analysis may an ALJ express RFC in terms of the exertional levels of work" of which he believes the claimant to be capable. *Monroe*, 826 F.3d at 179 (internal quotation marks omitted). Finally, all of the ALJ's conclusions when evaluating a claimant's RFC must be accompanied with "a narrative discussion" that describes how the evidence supports it. *Thomas*, 916 F.3d at 311.

In this case, the ALJ's evaluation of Plaintiff's RFC included a function-by-function analysis of Plaintiff's ability to stand, walk, lift, carry, push, and pull but fell short of these requirements when considering Plaintiff's ability to sit. The decision explains that Plaintiff has the RFC to perform sedentary work with a "sit/stand" option that allows for the use of his cane. R. at 232-33. However, Plaintiff argues that this RFC assessment, specifically the "sit/stand" option, fails to properly analyze how Plaintiff's pain in his groin area allows him to sit upright

12

for up to six hours a day. Pl.'s Obj. at 6-8. Therefore, Plaintiff seeks remand so that the ALJ may sufficiently analyze Plaintiff's well-documented inability to perform work in a sedentary position by including a separate analysis of Plaintiff's sitting problems the RFC determination.

Plaintiff relies on the recent Fourth Circuit decision in *Dowling v. Comm'r of Social Security Administration* to argue that it was error for the ALJ to focus his RFC evaluation on Plaintiff's difficulties in walking and standing while ignoring evidence in record of his difficulties in sitting. 986 F.3d 377 (4th Cir. 2021); Pl.'s Obj. at 7-8. In *Dowling*, the ALJ failed to consider the claimant's sitting problems and how the alleged sitting issues impacted the claimant's ability to perform sedentary work. *Dowling*, 986 F. 3d at 388. Because the ALJ failed to conduct the required function-by-function analysis, and only broadly mentioned the claimant's sitting problems in the decision, the case was remanded to the ALJ for further administrative proceedings. *Id.*

Here, Plaintiff has repeatedly argued that his inability to sit upright cause him to experience intense pain when sitting for both short and extended periods of time. Pl.'s Obj. at 6-7. At the hearing, Plaintiff described the need to adjust himself frequently or in a reclining position to manage his pain. R. at 274 – 275. In addition, Plaintiff explained that he has to stand or lie down to manage the discomfort and sometimes excruciating pain in his groin area. *Id.* at 275. Although the ALJ decision includes passing references to Plaintiff's ability to sit when assessing Plaintiff's ability to perform other functions, like walking or standing, it does not separately evaluate Plaintiff's alleged sitting problems. *See e.g., id.* at 233, 240. However, the Commissioner argues that the ALJ's RFC assessment does not require the case to be remanded because the "sit/stand" limitation is supported by substantial evidence that sufficiently addresses Plaintiff's difficulties with sitting. Def.'s Resp. at 6-8.

The ALJ concluded that Plaintiff can stand up for approximately thirty minutes and sit "for a few minutes" when he needs to rest when performing sedentary work. R. at 233. However, the Court finds that the ALJ never addresses whether Plaintiff was otherwise restricted in his ability to sit. At best, Plaintiff's sitting limitations were improperly grouped with his other impairments and the ALJ's discussion of Plaintiff's walking and standing restrictions. Like the claimant in *Dowling*, the ALJ failed to express how he based his RFC assessment of Plaintiff's difficulties sitting, and never expressly stated in the decision or specifically discussed Plaintiff's ability to perform sedentary work may be affected by limitations on Plaintiff's ability to sit in an upright position. In addition, the Court notes that at the hearing, the ALJ posed appropriate hypotheticals to the VE, which encompassed Plaintiff's RFC including the "sit/stand" limitation. R. at 278-280. In response, the VE opined that a claimant of plaintiff's age, education, work history and RFC could not perform plaintiff's past work but had the ability to perform sedentary positions within the national economy with limitations. *Id.* at 278-79. The VE opined that such a claimant could work in representative occupations as a callout operator and a document preparer but would be unbale to work in these positions "if the individual would have to lie down and rest, or sit in a reclined position, two or more hours within an eight-hour work day." *Id.* at 280. The Court finds that this part of the VE's testimony indicates that had the ALJ assessed the claimants sitting restrictions, the ALJ likely would have found that the claimant was incapable of performing any sedentary work.

The Fourth Circuit recently clarified that remand may be appropriate in cases where an ALJ fails to discuss a contested function that is "critically relevant to determining [a claimant's] disability status." *Dowling*, 986 F. 3d at 388-389 (*Mascio v. Colvin*, 780 F.3d 632, 637 (4th Cir. 2015). In *Mascio*, the primary case that the Acting Commissioner relies on, the ALJ's decision

did not assess the claimant's ability to sit when determining the extent of claimant's RFC limitations. 780 F.3d at 636. Similarly, in this case the Court finds that remand is appropriate for the ALJ to conduct a function-by-function analysis of Plaintiff's ability to sit, or to otherwise more thoroughly explain the sit/stand limitation to include an evaluation of Plaintiff's sedentary limitations, if any. Although the ALJ identified Plaintiff's limitations with regard to standing and walking, and discussed the evidence related to each limitation, the decision must also adequately detail how the ALJ's RFC determination addressed restrictions, if any, related to Plaintiff's sitting. In order for the Court to meaningfully review Plaintiff's RFC determination, the case must be remanded for further consideration.

The ALJ is directed to provide additional explanation of how the ALJ accounted for Plaintiff's alleged limitations in sitting upright to permit meaningful judicial review of substantial evidence, if necessary. Although the ALJ may ultimately conclude that no additional RFC limitations for Plaintiff's difficulties sitting are needed, the ALJ must "include a narrative discussion describing how the evidence supports [this] conclusion." *Monroe*, 826 F.3d at 189. Absent an explanation and analysis regarding these potential limitations, the Court is unable to meaningfully review the decision and guess how the ALJ determined that no additional RFC limitations were needed.

### C. Scope of Remand

Plaintiff asks the Court to reverse the ALJ's decision and remand the matter solely for payment of benefits. Pl.'s Mem. Supp. At 14. Benefits may only be awarded immediately when all necessary factual issues have been resolved. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). The Court does not find that an immediate award of benefits is appropriate in this case. First, although there is a substantial question regarding Plaintiff's ability to meet Listing 1.18,

conflicting evidence may also negate such a finding. The ALJ must weigh all record evidence in light of the Listing 1.18 to make a factual determination before providing an explanation to support the conclusion on whether Plaintiff meets the Listing.

In addition, the Court remands the case for the ALJ to reconsider Plaintiff's RFC limitations to specifically account for his difficulties sitting, or alternatively, explain why no such limitation is required. The ALJ bears the burden of providing evidence of the work available in the national economy that a claimant can perform with their RFC. *See* 20 C.F.R. § 404.1512(b)(3).

## IV. CONCLUSION

This Court has carefully and independently reviewed the record in this case and Plaintiff's objections to the R. & R. Having given fresh consideration to the Magistrate Judge's findings, the Court hereby **REJECTS** the findings and recommendations set forth in the December 20, 2022 report, ECF No. 16, and the decision of the Administrative Law Judge ("ALJ") is **REVERSED**. Accordingly, this case is **REMANDED** to the Acting Commissioner for further proceedings consistent with this opinion.

The Court **DIRECTS** the Clerk to provide a copy of this Order to the parties.

**IT IS SO ORDERED.**

Norfolk, Virginia
April 3, 2023

Raymond A. Jackson
United States District Judge