

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

ESTEBAN HERNANDEZ,

        Plaintiff,

v.                                    CIVIL ACTION NO. 2:21-cv-617

KILOLO KIJAKAZI,
Acting Commissioner of Social Security,

        Defendant.

*MEMORANDUM OPINION AND ORDER*

Before the Court is Esteban Hernandez's ("Plaintiff") Motion for Attorney Fees and Cost and Plaintiff's Memorandum and Affidavit in Support against Acting Commissioner of Social Security, Kilolo Kijakazi ("Commissioner"). Pl.'s Mot. Att'y Fees, ECF No. 23 ("Pl.'s Mot."); Aff. in Supp. Mot. Att'y Fees, ECF No. 24. ("Pl.'s Aff."); Pl.'s Mem. in Supp. Mot. Att'y Fees, ECF No. 25 ("Pl.'s Mem."). The Commissioner responded in opposition. Resp. Opp. To Pl.'s Mot. Att'y Fees, ECF No. 27 ("Resp. Opp."). Plaintiff replied. Pl.'s Reply, ECF No. 28 ("Pl.'s Reply"). After reviewing the parties' filings, this matter is ripe for judicial determination. For the reasons below, Plaintiff's motion is **GRANTED** in part and **DENIED** in part.

### I. FACTUAL AND PROCEDURAL HISTORY

On November 15, 2021, Plaintiff filed a Complaint against the Commissioner under 42 U.S.C. § 405(g) to review a decision denying Plaintiff's application for Social Security disability benefits. ECF No. 1. On February 23, 2022, the Commissioner filed an Answer to Plaintiff's Complaint. ECF No. 6. On March 28, 2022, Plaintiff filed a Motion for Summary Judgment. ECF Nos. 10, 11. On April 25, 2022, the Commissioner filed a Motion for Summary Judgment. ECF Nos. 13, 14. On December 20, 2022, the Magistrate Judge filed a Report and Recommendation

regarding both Motions for Summary Judgment. ECF No. 16. The Magistrate Judge recommended that the Court deny Plaintiff's Motion for Summary Judgment and affirm the Commissioner's final decision. *Id.* On April 3, 2023, the Court issued a Memorandum Opinion and Order rejecting the findings and recommendations by the Magistrate Judge, reversing the decision of the Administrative Law Judge ("ALJ"), and remanding the case to the Commissioner. ECF No. 19 ("Mem. Op. and Order"). The Court instructed the Commissioner to reconsider the "new" evidence submitted by Plaintiff regarding his disability and to reconsider Plaintiff's residual function capacity ("RFC"). *Id.* This matter is before the Court on Plaintiff's Motion for Attorney Fees under the Equal Access to Justice Act ("EAJA"). 28 U.S.C. § 2412.

## II. LEGAL STANDARD

Under the Equal Access to Justice Act ("EAJA"), a civil litigant who prevails against the United States is entitled to attorney's fees "unless the Court finds that the position of the United States was substantially justified or special circumstances make the award unjust." 28 U.S.C. § 2412(d)(1)(A). The Government carries the burden to show that its position was substantially justified. *Crawford v. Sullivan*, 935 F.2d 655, 658 (4th Cir. 2011). The civil litigant's assets also cannot exceed $2 million, and the judgment must be final. 28 U.S.C. § 2412. Additionally, a fee award under the EAJA must be "reasonable." 28 U.S.C. § 2412(b).

"Reasonableness is the touchstone of any award of attorneys' fees and expenses." *SunTrust Mortg., Inc. v. AIG United Guar. Corp.*, 933 F. Supp. 2d 762, 769 (E.D. Va. 2013) (quoting *E.I. DuPont de Nemours & Co. v. Kolon Indus., Inc.*, 2013 WL 458532, at *2 (E.D. Va. Feb. 6, 2013)). The fee applicant bears the burden of demonstrating the reasonableness of its fee request, *Kenney v. A Touch of Patience Shared Hous., Inc.*, 779 F. Supp. 2d 516, 525 (E.D. Va. 2011), and "providing sufficient detail in [its] records to explain and support [its] requests for fees and costs."

*Andrade v. Aerotek, Inc.*, 852 F. Supp. 2d 637, 645 (D. Md. 2012). Indeed, "the party who seeks payment must keep records in sufficient detail that a neutral judge can make a fair evaluation of the time expended, the nature and need for the service, and the reasonable fees to be allowed." *Hensley v. Eckerhart*, 461 U.S. 424, 441 (1983) (Burger, C.J., concurring).

To calculate an award of attorney's fees, the Court must determine a "lodestar fee." *Brodziak v. Runyon*, 43 F.3d 194, 196 (4th Cir. 1998); *Grissom v. The Miller Corp.*, 549 F.3d 313, 320-21 (4th Cir. 2008). The Supreme Court has stated there is a "strong presumption" that the lodestar figure represents a reasonable attorney's fee, which may be overcome only "in those rare circumstances in which the lodestar does not adequately take into account a factor that may properly be considered in determining a reasonable fee." *Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 553–54 (2010).

The lodestar fee is calculated by multiplying the number of reasonable hours expended times a reasonable rate. *Id.* In determining the reasonable hours expended and a reasonable hourly rate, the Fourth Circuit held that the *Johnson* factors must be applied. *See Daly v. Hill*, 790 F.2d 1071, 1077 (4th Cir. 1986). These factors include:

> (1) the time and labor required;
> (2) the novelty and difficulty of the questions;
> (3) the skill requisite to properly perform the legal service;
> (4) the preclusion of other employment by the attorney due to acceptance of the case;
> (5) the customary fee;
> (6) whether the fee is fixed or contingent;
> (7) time limitations imposed by the client or the circumstances;
> (8) the amount involved and the results obtained;
> (9) the experience, reputation, and ability of the attorneys;
> (10) the "undesirability" of the case;
> (11) the nature and length of the professional relationship with the client; and
> (12) awards in similar cases.

*Id.* at 1075 n.2 (citing *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974)); *see also Trimper v. City of Norfolk, Va.*, 846 F.Supp. 1295, 1303 (E.D.Va.1994), *aff'd*, 58 F.3d 68 (4th Cir.1995) ("there is no strict manner in which the factors are to be considered and applied.").

In addition, district courts "should exclude from [the] initial fee calculation hours that were not 'reasonably expended.'" *Hensley*, 461 U.S. at 434 (quoting S. Rep. No. 94-1011, at 6 (1976)). Further, "[h]ours that are not properly billed to one's client also are not properly billed to one's adversary pursuant to statutory authority." *Id.* at 434 (quoting *Copeland v. Marshall*, 641 F.2d 880, 891 (D.C. Cir. 1980)). The Fourth Circuit has held "[a] fee based upon reasonable rates and hours is presumed to be fully compensatory without producing a windfall." *Daly*, 790 F.2d at 1078.

### III. DISCUSSION

Plaintiff seeks $10,330.64 in attorney's fees for 43.9 attorney hours and 1.8 paralegal hours, $18.39 in expenses for serving the Commissioner, and $402.00 in costs for filing this civil action, totaling $10,751.03. The Commissioner argues that while Plaintiff reasonably expended services and was the prevailing party under the EAJA, the Commissioner's position in this case was "substantially justified." Plaintiff filed his reply arguing that the Commissioner was not substantially justified and is seeking an additional $721.28 in attorney's fees for 3.1 attorney hours for drafting the reply brief, raising the total request to $11,051.92.

#### A. The Commissioner's Position was not "Substantially Justified"

To determine whether to grant attorney's fees, the Court will determine "whether the Government acted reasonably in causing the litigation or in taking a stance during the litigation." *Jacobs v. Colvin*, 107 F. Supp. 3d 494, 498 (E.D. Va. 2014), *aff'd*, 606 F. App'x 122 (4th Cir. 2015) (internal citations and quotations omitted). The Court will consider "'not what the law now

is, but what the Government was substantially justified in believing it to have been.'" *Id.* (quoting *Pierce v. Underwood*, 487 U.S. 552, 561 (1988)). Substantially justified means "justified to a degree that could satisfy a reasonable person" or having a "reasonable basis both in law and fact." *E.E.O.C. v. Clay Printing Co.*, 13 F.3d 813, 815 (4th Cir. 1994) (internal quotations omitted). The Government would avoid paying fees if a reasonable person thought its litigation position was correct. *Colvin*, 107 F. Supp. at 498. Administrative agencies are required to follow the law of the circuit whose courts have jurisdiction over the issue. *Crawford v. Sullivan*, 935 F.2d 655, 658 (4th Cir. 1991). If the Government fails to follow the law of the circuit, then the claimant is entitled to recover attorney's fees. *Id.*

In this case, Plaintiff argues that he is entitled to receive attorney's fees, costs, and expenses because he is the prevailing party, his net worth did not exceed two million dollars at the time of filing this action, the Court entered a final judgment that has not been appealed, and the Commissioner's position was not substantially justified. Pl.'s Mem. at 1–2. The Commissioner opposes Plaintiff's request for attorney's fees because she was substantially justified in defending against the Appeals Council's decision to not consider Plaintiff's "new" evidence of his need for a walker. Resp. Opp. at 6. The Commissioner states that substantial evidence from the record supported the ALJ's finding that "Plaintiff's pain allowed him to perform sedentary work with sit/stand option." *Id.* Additionally, the Magistrate Judge agreed with the Commissioner, which shows that reasonable minds could differ. *Id.* The Commissioner also argues that the ALJ appropriately accounted for Plaintiff's sitting complaints during its RJC assessment, restricting him to sedentary work with the use of an assistive device. *Id.* at 7. Again, the Magistrate Judge agreed with the Commissioner that remand was not required because the ALJ accounted for Plaintiff's pain while sitting. *Id.* at 8.

Here, the Commissioner's position was not substantially justified because she refused to consider the new evidence Plaintiff submitted, even after cases within this circuit required her to do so. *See Meyer v. Astrue*, 662 F.3d 700, 706 (4th Cir. 2011) (stating the Appeals Council must review new evidence if there is a reasonable probability that the new evidence would have changed the outcome of the ALJ's decision). Plaintiff submitted new evidence from his therapist and primary care provider concerning his need for a walker, which related to the period before the ALJ decision. Mem. Op. and Order at 9. The Commissioner was manifestly unreasonable in defending the Appeals Council's decision to not consider the evidence Plaintiff submitted because it could have changed the decision of the ALJ. The Court remanded the case for further fact-finding because the Commissioner's decision was not supported by substantial evidence from the record. *See generally* Mem. Op. and Order.

Regarding Plaintiff's inability to sit for long periods, the Commissioner was again unreasonable in defending the ALJ's decision for not thoroughly evaluating Plaintiff's sitting problems during the RFC assessment. Mem. Op. and Order at 13–14. The Commissioner's decision was contrary to cases within this circuit. *See e.g., Dowling v. Comm'r of Soc. Sec. Admin.*, 986 F.3d 377 (4th Cir. 2021). In *Dowling*, the ALJ failed to consider the claimant's sitting problems, which was critically relevant to determining the claimant's disability status. *Id.* at 388–89. The Fourth Circuit remanded the case for the ALJ to conduct a function-by-function analysis of Plaintiff's sitting limitations. *Id.* Accordingly, the law in this circuit requires the ALJ to consider Plaintiff's ability to sit when conducting an RFC assessment. Plaintiff clearly demonstrated that during the proceedings with the ALJ by repeatedly arguing his inability to sit, which the ALJ failed to consider. Mem. Op. and Order at 13. A reasonable person would not have thought the

Commissioner's position was correct. Therefore, Plaintiff is entitled to reasonable attorney's fees because the Commissioner failed to follow the law of this circuit.

### B. Reasonable Attorney's Fees

A proper fee award is determined by first calculating a "lodestar fee." *Brodziak v. Runyon*, 43 F.3d 194, 196 (4th Cir. 1998). The Court assess the lodestar fee by multiplying the number of reasonable hours expended times a reasonable rate. *Id.* In determining reasonable attorneys' fees, the Court must also apply the twelve factors outlined in *Johnson*. *Barber v. Kimbrell's Inc.*, 577 F.2d 216, 266 (4th Cir. 1978) (adopting the twelve-factor test used in *Johnson*). The Fourth Circuit notes that the "district court is under no obligation to go through the inquiry of those [*Johnson*] factors that do not fit." *In re A.H. Robins Co., Inc.*, 86 F.3d 364, 376 (4th Cir. 1996). Therefore, the Court will only address applicable *Johnson* factors.

#### i. Reasonableness of the Hourly Rates

The reasonable rate is "to be calculated according to the prevailing market rates in the relevant community." *Blum v. Stevenson*, 465 U.S. 886, 895 (1984). Any required special skill or experience is "reflected in the reasonableness of the hourly rates." *Id.* at 898. Aside from "the attorney's own affidavits, the fee applicant must produce satisfactory specific evidence of the 'prevailing market rates in the relevant community' for the type of work for which he seeks an award." *Grissom v. The Mills Corp.*, 549 F.3d 313, 323 (4th Cir. 2008) (quoting *Plyler v. Evatt*, 902 F.2d 273, 277 (4th Cir. 1990)). The third, fifth, sixth, and ninth *Johnson* factors also concern the reasonable rate. These factors include the skill required, the customary fee, whether the fee is fixed or contingent, and the experience, reputation, and ability of the attorneys. *Daly*, 790 F.2d at 1075 n.2.

Plaintiff's counsel calculated the hourly rate for attorneys by applying a cost-of-living increase to the $125.00 per hour EAJA statutory fee, reaching an hourly rate of $214.29 in 2021 and $232.67 in 2022 for attorneys, and $80 for paralegals. Pl.'s Aff. at 2. The Commissioner does not dispute the hourly fee rates claimed. *See generally* Resp. Opp. Thus, the Court finds the hourly rates reasonable.[1]

### ii. Reasonableness of Hours Expended

The Court must next determine the hours that were "reasonably expended." *See Hensley*, 461 U.S. at 434 (holding that initial fee calculation hours that are not reasonably expended should be excluded). Plaintiff provided time accounting sheets to assist the Court in evaluating the reasonableness of hours expended. *See* Pl.'s Aff. at Ex. B–D. Plaintiff's attorneys initially spent 43.9 hours on this matter. Pl.'s Aff. at 2.[2] Plaintiff's attorney submits that they spent an additional 3.1 hours drafting the reply in this case. Pl.'s Reply at 2. In sum, Plaintiff's attorneys spent 47 hours on this matter.[3] The paralegals spent 1.8 hours on Plaintiff's matter. Pl.'s Aff. at 2. The attorney's fee sheets detail in 6-minute increments the matters that each attorney and paralegal worked on behalf of Plaintiff's case. *See* Pl.'s Aff. at Ex. B–D; *see also* Pl.'s Reply at Ex. A. The Commissioner did not dispute the hours submitted by Plaintiff's attorney. *See Klugel v. Small*, 519 F. Supp. 2d 66, 72 (D.D.C. 2007) ("[W]hen a party does not address arguments [] [] a movant [raises], the court may treat those arguments as conceded.") (alterations in original).

Having reviewed the submitted billing records and time entries, the Court finds that the hours Plaintiff's counsel expended during this matter require a downward adjustment because

---

[1] Usually, the Court requires counsel that requests attorney's fees to provide an affidavit from independent counsel regarding the reasonableness of the requested rate. However, since the Commissioner does not dispute the hourly rate, the Court will forgo the affidavit requirement in this case.

[2] In 2021, Plaintiff's attorney spent 1.5 hours on this matter. In 2022, Plaintiff's attorney spent 42.4 hours on this matter. The Court added the hours from 2021 and 2022, totaling 43.9.

[3] The Court combined 43.9 hours the attorneys spent in 2022 with 3.1 hours the attorneys spent drafting the reply, totaling 47 hours total.

8

some of the listed entries are non-compensable work, and the issues presented in the case are not novel or particularly difficult.

In total, the Court reduces the paralegals' hours by 1.3 hours because certain entries were clerical. For example, Plaintiff billed 0.2 paralegal hours for "combine and file proof of service via CM/ECF (n/c for filing)", which constitutes non-compensable clerical work. Pl.'s Aff. at Ex. D. Plaintiff also billed 0.5 paralegal hours of client communications.[4] These tasks included conversations with the client about fees and remand. Further, Plaintiff billed 0.6 paralegal hours in clerical time to "prepare service packets to defendants." Pl.'s Aff. at Ex. D. These tasks are clerical and not compensable. *Fryar v. Saul*, No. 7:19-CV-198-RJ, 2021 WL 769664, at *2-3 (E.D.N.C. Feb. 26, 2021) (Finding tasks related to preparing and receiving contracts from the client and calls made by paralegals advising Plaintiff of the status of her case as clerical work.). The Court finds 0.5 paralegal hours[5] reasonable.

Lastly, among the factors considered in determining a reasonable award are the amounts awarded in comparable cases, as well as the novelty or difficulty of the issues presented in the case. *See Barber*, 577 F.2d at 226 n. 28. "Unsuccessful claims that are distinct in all respects from the claims upon which the plaintiff has prevailed should be excluded in considering the amount of a reasonable fee." *Hyatt v. Barnhart*, 315 F.3d 239, 254 (4th Cir. 2002) (internal citations and quotations omitted). When a case does not involve novel or difficult questions of law, counsel should not be compensated for "extra time due to inexperience or lack of familiarity with the law and the particular factual patterns presented by Social Security cases." *DiGennaro v. Bowen,* 666

---

[4] These entries include "telephone call with client re: IFP assessment, client will pay filing fee" and "telephone call to client re: FDC remand and next steps." Pl.'s Aff. at Ex. D.
[5] The Court subtracted 1.3 hours from 1.8 hours, totaling 0.5 paralegal hours.

9

F.Supp. 426, 433 (E.D.N.Y.1987). This case presents no novel or difficult questions of law; however, it does include a substantial administrative record.

Here, Plaintiff seeks 24.8 hours[6] of attorney time to review the administrative record, take notes, organize facts, and draft the procedural and factual sections. Pl.'s Aff. at Ex. C. Even though the administrative record is substantial, given the lack of legal novelty in this case and the awards granted in numerous similar cases, the Court reduces the total amount of attorney time in 2022 (42.4 hours) by 5.3 hours, totaling 37.1 hours of attorney time. *Id.* Finally, the Supreme Court has found that the "EAJA may provide compensation for *all* aspects of fee litigation," *Comm'r, I.N.S. v. Jean*, 496 U.S. 154, 162 (1990) (emphasis in original). This Court further awards 3.1 hours in reasonable attorney's fees for subsequent briefing.

## C. Award Calculation

The Court finds that Plaintiff spent 41.7 hours[7] on this matter. The Court calculated the lodestar award by adding the total amount of attorney time in 2021 by an hourly rate of $214.29,[8] the total amount of attorney time in 2022 by an hourly rate of $232.67,[9] and the total amount of paralegal time by an hourly rate of $80,[10] totaling $9,714.77 in attorney's fees, $402.00 in costs, and $18.39 in expenses.

---

[6] The entries include "review of certified administrative record, take notes and organize facts" for 8.3 hours; "continue review of CAR, take notes and organize facts" for 8.1 hours; "finish review of CAR, take notes, drafting procedural section and facts" for 8.4 hours. *See* Pl.'s Aff. at Ex. C.

[7] In 2021, Plaintiff spent 1.5 hours on this matter. In 2022, the Court reduces 42.4 hours by 5.3 hours, which equals 37.1 hours. Plaintiff submitted 3.1 hours for subsequent briefing, which the Court did not reduce. In total for attorney time spent in 2021 and 2022, the Court calculated 41.7 hours (1.5+37.1+3.1= 41.7).

[8] Plaintiff spent 1.5 hours working on this matter in 2021. The Court multiplied 1.5 hours by $214.29, which equals $321.44.

[9] Plaintiff spent 37.1 hours working on this matter in 2022, and 3.1 hours on the reply brief, totaling 40.2 hours. The Court multiplied 40.2 hours by $232.67, which equals $9,353.33.

[10] The Court reduces the paralegals' hours by 1.3 from the original total of 1.8 hours, which equals 0.5 hours. The Court multiplied 0.5 hours by $80, which equals $40.

## IV. CONCLUSION

For the reasons stated herein, Plaintiff's Motion for Attorneys' Fees is **GRANTED** in part and **DENIED** in part. ECF No. 23.

The request to approve $11,051.92 in attorney's fees is DENIED. After review of the petition, the Court finds it appropriate to reduce the fee request. The Court hereby **APPROVES $9,714.77 in attorney's fees** and **$402.00 in costs** and **$18.39 in expenses**.

The Court **DIRECTS** the Clerk to provide a copy of this Memorandum Opinion and Order to counsel and parties of record.

**IT IS SO ORDERED.**

Norfolk, Virginia
November 14, 2023

Raymond A. Jackson
United States District Judge